**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYAHRI JAYA HASURUNGAN, | No. 11-73633 |
| Petitioner, | Agency No. A098-270-035 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Syahri Jaya Hasurungan, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Hasurungan established changed circumstances in Indonesia to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the BIA's finding that the 1993 incident did not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059 ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks and citation omitted); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). In addition, substantial evidence supports the BIA's determination that, even under a disfavored group analysis, Hasurungan failed to establish a sufficient individualized risk of harm to show it is more likely than not that he will be persecuted in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979-80 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger

11-73633

quantum of individualized-risk evidence to prevail than would an asylum applicant").  Thus, his withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

11-73633